NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEUBEN FOODS, INC.,**
*Appellant*

**v.**

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1083

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2014-01235.

---

Decided: August 16, 2023

---

WILLIAM COOK ALCIATI, Gardella Grace PA, Washington, DC, for appellant.

DANIEL KAZHDAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for

intervenor.    Also represented by THOMAS W. KRAUSE, MONICA BARNES LATEEF, FARHEENA YASMEEN RASHEED.

————————————

Before PROST, HUGHES, and CUNNINGHAM, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Steuben Foods, Inc. appeals from the Patent Trial and Appeal Board's final written decision on remand determining that claims 18 and 19 of U.S. Patent No. 6,945,013 are unpatentable. For the following reasons, we affirm.

I

This case stems from an inter partes review brought by Nestlé USA, Inc. challenging claims 18, 19, and 20 of the '013 patent. The challenged claims recite methods for "aseptically bottling aseptically sterilized foodstuffs." '013 patent at claims 18–20. The Board issued a final written decision finding the challenged claims not unpatentable as obvious. Nestlé appealed, and we vacated the Board's decision for applying an incorrect claim construction of the term "aseptic." *Nestlé USA, Inc. v. Steuben Foods, Inc.*, 686 F. App'x 917, 920 (Fed. Cir. 2017). Specifically, we held that "aseptic" as used in the '013 patent is consistent with the U.S. Food and Drug Administration's definition of "commercial sterility" set forth in 21 C.F.R. § 113.3. *Id.* at 919. Neither the parties nor the Board proposed this construction during IPR. We remanded the case for the Board to apply the correct construction. *Id.* at 920.

On remand, Steuben requested an opportunity for additional briefing under the new claim construction. The Board denied this request, reasoning that Steuben was on notice of this court's construction of "aseptic" and that our construction of the term resolved the arguments Steuben had presented. The Board then issued its final written decision on remand and concluded that claims 18 and 19 are

unpatentable as obvious and that claim 20 is not unpatentable as obvious.

Steuben appeals the obviousness determination as to claims 18 and 19.[1] We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## II

"We review the Board's ultimate obviousness determination de novo and underlying factual findings for substantial evidence." *Celgene Corp. v. Peter*, 931 F.3d 1342, 1349 (Fed. Cir. 2019) (citation omitted). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted).

## III

Steuben's challenges on appeal pertain to the requirement, found in both claims 18 and 19, that the claimed methods "**aseptically** disinfect[] the bottles at a rate **greater than 100 bottles per minute**." '013 patent at claims 18, 19 (emphasis added). Regarding the requirement that disinfection be done "aseptically," Steuben argues that the Board failed to make any findings that the prior art disclosed or rendered obvious sterilizing bottles to meet the FDA's commercial sterility requirements. Relatedly, Steuben also argues that the Board violated the Administrative Procedures Act by denying Steuben's request to submit evidence and briefing related to the definition of "aseptic" we articulated in *Nestlé*.

In its final written decision on remand, the Board acknowledged the claim construction for aseptic we articulated in *Nestlé* but did not directly address the construction

---

[1]    We granted Steuben's motion to dismiss Nestlé from this appeal following a settlement between the two entities. *See* ECF No. 64.

in its unpatentability analysis. In this case, we conclude, based on the factual findings the Board made, that the prior art references render obvious the aseptic limitation of claims 18 and 19.

Specifically, the Board found that the aseptic limitation was taught by the prior art reference Biewendt because it discloses that milk was "filled under aseptic conditions" and because Biewendt's milk "did not have any negative changes after 15 days of storage at 30 °C and had less than 10 germs per 0.1 cm$^3$." J.A. 33–34 (citations omitted). The FDA's requirement for commercial sterility, on the other hand, requires the elimination of microorganisms "having public health significance, as well as microorganisms of nonhealth significance, capable of reproducing in the food under normal nonrefrigerated conditions of storage and distribution." 21 C.F.R. § 113.3(e)(2).

The Board supported its findings with substantial evidence, specifically quotations from and citations to the prior art. Additionally, the '013 patent recognizes that prior art methods practiced the aseptic limitation. '013 patent at 1:32–34 ("Several packaging techniques, including extended shelf life (ESL) and **aseptic packaging**, have been developed to increase the shelf life of low acid products." (emphasis added)).

These facts are enough to render obvious sterilizing bottles to meet the FDA's requirements for commercial sterility. We therefore affirm that portion of the Board's decision.[2]

---

2    Although we affirm the Board's decision, we note that the better course of action might well have been for the Board to allow the parties to submit supplemental briefing regarding the correct claim construction and then

Steuben also argues that substantial evidence does not support the Board's finding that it would have been obvious to increase Biewendt's sterilization rate of 100 bottles per minute to at least 101 bottles per minute. Steuben argues that the Board relied on conclusory expert testimony in reaching this conclusion and ignored the testimony of Steuben's own declarant. In this case, the Board relied on expert testimony and the prior art to make its findings. *See* J.A. 27–33. That is substantial evidence in support of the Board's conclusion, which, consequently, we affirm.

IV

We have considered Steuben's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

Costs

No costs.

---

explicitly analyze the prior art in the context of that construction. The Board should be mindful of that in future cases.